# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)

UNITED STATES OF AMERICA

Plaintiff, v.

GEUTYS LAUREANO

Defendant.

Case Number: 1:10-cr-00768-PAE-1

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

NOW COMES, Geutys Laureano ("Laureano"), appearing pro se, and files this Motion to Terminate Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1).

INTRODUCTION

On August 12, 2020, defendant was sentenced to time served followed by 2 years of supervised release for his conviction for violating 18 U.S.C. § 1542. Mr. Laureano has successfully completed over a year of his supervised release period with outstanding conduct. Based on his successful performance on supervised release, Mr. Laureano hereby moves the Court for entry of an order terminating his supervised release. The U.S. Probation Officer is in support of this request.

ARGUMENT

The district court enjoys "broad discretion" when, after "taking into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence," it discharges a defendant's supervised release. See United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." [I]Id.

Title 18 U.S.C. § 3583(e)(1) states that: "The court may, after considering the factors set forth in section (a)(1), (a)(2)(B), (a) (2)(C), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the person released at any time after the expiration of **one year** of supervised release ... if it is satisfied that such action is warranted by the conduct of the person released and the interest of justice."

"Claims of injustice or unfairness may be properly evaluated-- as one factor among many-- under the broad and general directive of § 3583(e)(1)." Jeanes at 484-485. However, the court must be "satisfied that such action is warranted by the conduct of the defendant and in the interest of justice." Id.

As the Supreme Court has noted: [§ 3583(e)(1)] is the unequivocal provision for ending the term of supervised release without the possibility of its reimposition or continuation at a later time. Congress wrote that when a court finds that a defendant's conduct and the interest of justice warrant it, the court may "terminate a term of supervised release and discharge the person released," once at least a year of release time has been served.
Johnson v. United States, 529 U.S. 694, 120 S.Ct. 370, 146 L.Ed.2d 727, 738 (2000)

DISCUSSION

Movant Laureano respectfully asks this court to terminate his supervised release term for his "conduct" while on supervised release and in the "interest of justice."
I.
Laureano has shown exemplary post-conviction adjustment and conduct in his supervision responsibilities. Has served in excess of the one (1) year of ordered term of supervised release with excellent behavior. He has fully complied with the court's express terms of supervision, fully obeying the law, and diligently complying with the requirements of the Probation Department. Laureano has lived a productive lifestyle by holding steady employment while supporting his family.

II.
When evaluating his offense conduct, criminal history, and potential for further crimes, Laureano believes this court can find that his further and continued supervision is not required because he meets the criteria, as suggested by the U.S. Administrative Office of the Courts, for early termination, which include: "law-abiding behavior, full compliance with the conditions of supervision, and a responsible, productive lifestyle." See Publication 109, p.37 (1993), U.S. Administrative Office of Courts. See also, Publication 109, Chapter III, p.19-21 (2007 Revision)

2

Laureano meets all of the following suggested criteria from Publication 109 (p.20):

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all condition supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety based on the Risk Prediction Index (RPI).

CONCLUSION

Mr. Laureano has done excellent on supervised release, has sustained no new arrests and has stable employment. Special Monetary Assessment has been satisfied in full, and has completed over one year term of supervision without any incident. The Probation Office supports the early termination of his supervised release. For the foregoing reasons, Mr. Laureano respectfully prays that this Honorable Court terminates his term of supervised release forthwith.

DATED: August 18, 2021

Respectfully Submitted,

*Geutys A Laureano*
Geutys Laureano, Pro Se
1090 Blake Ave #2F
Brooklyn NY 11208

The Court **DENIES** the defendant's pro se motion for early termination, substantially for the reasons stated by the Government. The Clerk of Court is requested to terminate the motions at Dkt. Nos. 38 & 40. The Clerk of Court is also requested to mail a copy of this order to the defendant at the above address.

9/20/2021

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

4